[No. 1043.   Decided October 20, 1893.]

F. BURDEN, *Respondent*, v. J. F. CROPP, *Appellant*.

APPEAL — SUFFICIENCY OF EVIDENCE.

The verdict of a jury will not be disturbed where there is suffi-
cient evidence to establish all the facts necessary to sustain the
issue made by the successful party, although the court may be of
the opinion that evidence upon the other side is of greater weight.

*Appeal from Superior Court, Walla Walla County.*

*J. O. Ross, H. S. Blandford,* and *T. P. Gose,* for appel-
lant.

*Thomas & Dovell,* for respondent.

The opinion of the court was delivered by

HOYT, J.— The only question presented by the record
in this case is that of the sufficiency of the evidence to sus-
tain the verdict of the jury, and as we think that the testi-
mony of the plaintiff's witnesses, if believed by the jury,
was sufficient to establish the cause of action set out in the
complaint, it follows by well established principles that the
verdict must be sustained, even although the testimony
offered in opposition thereto is more satisfactory to our
minds.    It is not enough to authorize us to disturb the
verdict of a jury, that we should be of the opinion that the
evidence upon the other side was entitled to a greater
weight than that upon which the verdict seems to have
been founded.    It is enough if there was any evidence
which, if uncontradicted, would be sufficient to establish
all the facts necessary to sustain the complaint of the suc-
cessful party.    It was strongly insisted upon the argument
that since it was conceded that the plaintiff commenced
work for the defendant at the price of thirty dollars per
month, and labored continuously after such commencement

until the end of the time for which he seeks compensation, that it must be presumed that during all such time he was at work for the thirty dollars per month.   The proposition thus contended for would doubtless be true in the absence of proof of the termination of the contract for the thirty dollars a month, and the substitution therefor of a new contract, but in the case at bar we think the testimony of plaintiff was sufficient to show such termination of the original contract, and the continuance of the service under a new one, and though some of the testimony of the plaintiff may seem to us to be inconsistent and unsatisfactory, yet the question of what was proven thereby was one properly submitted to the jury, and they having come to a conclusion thereon, it is final and concludes this court.

The judgment appealed from must be affirmed.

DUNBAR, C. J., and ANDERS, STILES and SCOTT, JJ., concur.